Jerry SHINAULT, Plaintiff—Appellee/ Cross—Appellant,

v.

The **CLEVELAND COUNTY BOARD OF COUNTY COMMISSIONERS,** a Political Subdivision of the State of Oklahoma; George Skinner, County Commissioner, as public officer in his official capacity, and in his individual capacity; Leroy Krohmer, Jan Collins, County Commissioners, as public officers in their official capacities, Defendants—Appellants/Cross—Appellees.

Nos. 94–6318, 94–6354.

United States Court of Appeals, Tenth Circuit.

April 26, 1996.

---

Gary W. Gardenhire (Thomas E. Kemp, Jr. and Charles L. Broadway with him on the brief), Norman, Oklahoma, for Appellee/Cross–Appellant.

Andrew W. Lester (Shannon F. Davies with him on the briefs), Lester & Bryant, P.C., Oklahoma City, Oklahoma, for Appellants/Cross–Appellees.

Before ANDERSON, TACHA, and BALDOCK, Circuit Judges.

TACHA, Circuit Judge.

After Jerry Shinault was dismissed from his position as Cleveland County District 2 road foreman, he sued the Board of County Commissioners, Commissioners George Skinner, Leroy Krohmer, and Jan Collins in their official capacities, and George Skinner in his individual capacity. Shinault brought claims under 42 U.S.C. § 1983 alleging that his dismissal deprived him of liberty and property without due process, his right to equal protection of the laws, and his associational rights under the First Amendment. He also brought a claim for conspiracy to violate his civil rights under 42 U.S.C. § 1985, as well as state law claims for malicious prosecution, defamation, and intentional infliction of emotional distress.

The district court granted summary judgment to all defendants on all claims except the First Amendment claim. The court also denied Skinner's motion for summary judgment based on qualified immunity. Both sides appeal. Skinner appeals the denial of qualified immunity. All defendants appeal the denial of their summary judgment motion on the First Amendment claim. Shinault

cross-appeals the grant of summary judgment on his due process, equal protection, and federal conspiracy claims. We find that we do not have jurisdiction over Skinner's interlocutory appeal of the denial of qualified immunity. Consequently, we are without jurisdiction to review any of the other claims. Accordingly, we dismiss the appeals.

## Background

The facts of this case revolve around the 1986 and 1990 elections for the Cleveland County Board of County Commissioners. Prior to the 1986 election, Jerry Shinault and defendant Leroy Krohmer had been close personal friends. In the 1986 election, Krohmer lost his reelection bid for District 3 County Commissioner to Neil Steely (Krohmer regained his post in 1990). After the election, Shinault informed Krohmer that he had agreed to go to work for Steely. Krohmer became highly upset because he thought that Shinault had worked against him in the 1986 County Commissioner's race. The two have not been friends since that time.

In the 1990 election, Shinault ran against defendant George Skinner for District 2 County Commissioner. After Skinner defeated Shinault in the Democratic primary, he sought Shinault's support in the general election. Shinault agreed to support Skinner, and to that end Shinault built and hauled signs, provided transportation, and introduced Skinner to people around the county. After winning the general election, Skinner offered Shinault employment as the District 2 road foreman. Shinault accepted and began work in January 1991.

The very month that Skinner hired Shinault, Krohmer requested a criminal investigation of Shinault by the Cleveland County District Attorney's Office. Skinner was aware of this investigation. Seven months later, after the initial investigation cleared Shinault of any wrongdoing, Krohmer initiated a second investigation. Krohmer told Skinner that two citizens had complained that the driveway of a county employee had been paved using county equipment and materials. At the time, District 2 employees had just finished an oil and chip paving job for the Little Axe School District. Krohmer

and Skinner drove past the school and discovered that the driveway of county employee James Bruesch had recently been oiled and chipped. In a subsequent meeting with Skinner, Shinault admitted that he was aware that county employees had worked on Bruesch's driveway and that he had been present during at least part of the project.

Skinner dismissed Shinault in September, 1991, for using county equipment and materials to pave Bruesch's driveway. The Cleveland County District Attorney filed criminal charges against Shinault for embezzlement of county property, a charge of which Shinault was later acquitted. Over the course of these events, Skinner issued various press releases concerning the investigation, criminal charges, and acquittal.

Shinault argues that his dismissal, the criminal charges, and the press releases were actually an underhanded attempt by the County Commissioners to discredit a past, and perhaps future, political opponent. In support of his interpretation of the events, Shinault claims that the equipment used to pave Bruesch's driveway was on loan to the school district, that the oil and chips were the property of the school district, and that the paving was done at the direction of a school district employee. He explains that Bruesch had allowed county road crews to use his driveway and adjacent storage area for thirty years. Over that time, county officials repaired Bruesch's drive using county equipment and materials without the county taking any punitive action against the responsible employees. Shinault also claims that another county employee used materials and equipment from the same Little Axe school project to pave his own driveway without being fired, criminally prosecuted, or made the subject of Skinner's press releases. Moreover, Shinault claims that shortly before the incident that led to his termination, he repaired the driveway of Blake Virgin, Skinner's son-in-law, at the direction of Virgin and Skinner. Given these events and the political circumstances at the time, Shinault argues that his dismissal was the result of something rotten in Cleveland County.

## Jurisdiction

Skinner maintains that this court has appellate jurisdiction over the denial of his motion for summary judgment based on qualified immunity. All defendants request that we exercise pendent appellate jurisdiction over the district court's refusal to grant summary judgment on Shinault's First Amendment claim. Shinault argues that we lack jurisdiction over the qualified immunity issue, but claims in the alternative that if we hold that we have such jurisdiction, we should then exercise pendent appellate jurisdiction over his due process, equal protection, and federal conspiracy claims as well.

■ Before we can exercise pendent appellate jurisdiction over any claim in this case, we must first determine whether we have jurisdiction over the denial of Skinner's qualified immunity: without that "hook," we cannot exercise pendent appellate jurisdiction over the rest of the claims. Interlocutory appeals of denials of qualified immunity are permissible. *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817–18, 86 L.Ed.2d 411 (1985). The scope of such appeals, however, is limited to "purely legal" challenges to the district court's ruling. *Johnson v. Jones*, —— U.S. ——, ——, 115 S.Ct. 2151, 2156, 132 L.Ed.2d 238 (1995). "[A] defendant, entitled to invoke a qualified-immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Id.* at ——, 115 S.Ct. at 2159. Our jurisdiction, then, turns on what portion of the district court order Skinner appeals.

Claims of qualified immunity are analyzed under a two-part framework. The court first determines whether the plaintiff has asserted a violation of a statutory or constitutional right at all. Then the court assesses whether that right was clearly established such that a reasonable person in the defendant's position would have known that his conduct violated that right. *Liebson v. New Mexico Corrections Dept.*, 73 F.3d 274, 276 (10th Cir.1996); *see Siegert v. Gilley*, 500 U.S. 226, 231–32, 111 S.Ct. 1789, 1792–93, 114 L.Ed.2d 277 (1991).

■ Shinault asserts that Skinner fired him for political patronage reasons. The district court first found that, based upon the events set out above, there was a genuine issue of material fact as to Skinner's motive for firing Shinault. The court then made the two-part legal finding, citing *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980) and *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), that (1) Shinault's assertion, if true, amounts to a violation of his First Amendment right of association and (2) that right was clearly established at the time of the dismissal such that a reasonable person in the defendant's position would have known that his conduct violated the right. Under *Johnson*, Skinner may make an interlocutory appeal of these two legal findings. However, Skinner fails to contest either of them: he does not argue that firing a person for political patronage reasons is *not* a violation of that person's First Amendment right of association, nor does he argue that such a rule was *not* clearly established at the time of the termination. Instead, Skinner contests the factual finding that he had an illegitimate motive in firing Shinault. But the district court found that a genuine issue of material fact existed as to whether Skinner fired Shinault for engaging in constitutionally protected political activities and, under *Johnson*, that finding is unreviewable. Indeed, an examination of Skinner's motivation for firing Shinault is just the sort of nebulous factual assessment that *Johnson* leaves to the district courts. *See Johnson*, —— U.S. at ——, 115 S.Ct. at 2158.

Skinner counters that, under *Johnson*, we should take the facts assumed by the district court as given and determine whether those facts state a violation of clearly established law. Skinner spends most of his brief on the jurisdiction question arguing that the undisputed facts on the record do not give rise to a nexus between Shinault's political activities and his dismissal. But the relevant "assumed fact" is that Skinner fired Shinault for political patronage reasons, and Skinner does not contest the purely legal holdings that such an action violates Shinault's First Amendment right of association or that such a right was clearly established at the time of

termination. Skinner contests the district court's factual determination, and thus we are without jurisdiction to review his appeal.

■ Because we lack jurisdiction over Skinner's appeal of the denial of qualified immunity, we cannot exercise pendent appellate jurisdiction to review any of the defendants' or Shinault's other claims. These appeals are therefore DISMISSED.